30652.   NALLEY *v.* THE STATE.

MACINTYRE, J.   1. Section 58-209 of the Code provides: "It shall be unlawful for any corporation, firm, or individual to knowingly permit or allow any one to have or possess or locate on his premises any apparatus for the distilling or manufacturing of the liquors and beverages specified in section 58-201. When any such apparatus is found or discovered

upon said premises the same shall be prima facie evidence that the person in actual possession had knowledge of the existence of the same, and upon conviction therefor, shall be punished as for a misdemeanor, the burden of proof in all cases being upon the person in actual possession to show the want of knowledge of the existence of such apparatus on his premises." The defendant was charged with the violation of this Code section. The judge charged the jury as follows: "Now, gentlemen, I charge you that our law declares that it shall be unlawful for any corporation, firm, or individual to knowingly permit or allow anyone to have or possess or locate on his premises any apparatus for the distilling or manufacturing of the liquors and beverages specified in section 58-201 of this Code; and those enumerated beverages which the law prohibits such apparatus for are any spirituous, vinous, malted, fermented, or intoxicating liquors. When such apparatus is found or discovered upon such premises, the same shall be prima facie evidence that the person in actual possession has knowledge of the existence of the same, and upon conviction therefor shall be punished as for a misdemeanor, the burden of proof in all cases being upon the person in actual possession to show the want of knowledge of the existence of such apparatus on his premises." The defendant excepts to this charge on the ground, "that it put the burden on the defendant to show that he had no knowledge of the distilling apparatus on other premises than his own." Held, this charge is not erroneous for the reason assigned.

2. The evidence supported the verdict, and having received the approval of the trial judge, and nothing having been shown in the motion (the only special ground of which is dealt with above) to justify a new trial, the

Judgment is affirmed. Broyles, C. J., and Gardner, J., concur.

DECIDED NOVEMBER 16, 1944.

744

*Willis Smith,* for plaintiff in error.
*Earl Staples, solicitor,* contra.